USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 11/18/19

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
UNITED STATES OF AMERICA,

**ORDER**

-v-

15 Cr 78 (RMB)

PHILLIP MUIR,

Defendant.
------------------------------------------------------------X

## I. Background

On February 11, 2016, Phillip Muir ("Muir" or "Defendant") was found guilty after a jury trial of a conspiracy to distribute and possess with intent to distribute cocaine base in violation of 21 U.S.C. §§ 846 and 841(b)(1)(B); possession of a firearm during and in relation to the aforementioned drug trafficking crime in violation of 18 U.S.C. §924(c)(1)(A)(ii); conspiracy to possess a firearm or ammunition after having been convicted of a crime punishable by imprisonment for a term exceeding one year in violation of 18 U.S.C. § 371; and possession of a firearm (in or about September 2014) after having been convicted of a crime punishable by imprisonment for a term exceeding one year in violation of 18 U.S.C. § 922(g). See Transcript dated Feb. 11, 2016 and Jury Verdict Sheet signed on Feb. 11, 2016. On January 4, 2017, Muir was sentenced to 200 months of imprisonment, which included 84 months consecutive for the possessing and brandishing of a firearm during and in relation to the drug trafficking crime. See Judgment and Commitment Order, dated Jan. 5, 2017, at 2.) The Presentence Investigation Report calculated the sentencing guidelines range as 151 to 188 months, plus 84 months consecutive, for a total guidelines range of 235 to 272 months based upon an offense level of 32 and a Criminal History Category of III.

1

By letter, dated July 16, 2018, Muir requests "to be brought before [the Court] for resentencing in accordance to the Dimaya ruling [Sessions v. Dimaya, 138 S. Ct. 1204 (2018)] as it now causes the 18 U.S.C.S. § 924(c)(1) to become void for vagueness under the previous ruling under Johnson." By letter, dated August 1, 2018, the Government stated: "Nothing in *Dimaya* suggests that Section 924(c)'s definition of a drug trafficking crime is unconstitutionally vague, and it plainly is not."

## II. Legal Standard

In Sessions v. Dimaya, 138 S. Ct. 1204 (2018), the Supreme Court held that 18 U.S.C. § 16(b) is unconstitutionally vague. 18 U.S.C. § 16(b) defines a crime of violence as any other offense that is a felony and that, by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense. In United States v. Davis, 139 S. Ct. 2319 (2019), the Supreme Court declared unconstitutional the residual clause of the crime of violence definition in 18 U.S.C. §924(c)(3)(B). Nothing in Dimaya or Davis impacts the definition of a drug trafficking offense.

## III. Analysis

Muir was found guilty of possessing and brandishing a firearm in furtherance of a drug trafficking crime. He was not found guilty of possessing and brandishing a firearm in furtherance of a crime of violence. See, e.g., Schaeffer v. United States, 2019 WL 3535858, *8 (E.D. Tenn. Aug. 2, 2019) ("[C]ount 14 was for possession of a firearm in furtherance of a drug trafficking crime, rather than a crime of violence, and therefore could not possibly have been affected by *Dimaya* and *Davis*, both of which pertain only to violent crimes."); United States v. Williams, 759 Fed. A'ppx. 138 (4th Cir. 2018) ("Williams' conviction does not implicate the

2

*Dimaya* ruling because Williams was not convicted under § 924(c)'s crime of violence clause.) Consequently, Dimaya has no impact upon Muir's sentence.[1]

## IV. Conclusion and Order

For the reasons stated herein, the Defendant's request [#168] is denied.

Dated: New York, New York
November 18, 2019

_____
RICHARD M. BERMAN, U.S.D.J.

---

[1] Any issues or claims not specifically addressed in this Order have been considered and rejected as without merit.