RECEIVED
SDNY PRO SE OFFICE
2023 MAR -7  AM 10:08

**MEMO ENDORSED**
Page 3

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,          Case No. Cv. 1708 (RMB)
          Respondent              Case No. 15 Cr 78 (RMB)

          v.                      Judge Richard M. Berman

PHILLIP MUIR,
          Defendant


MOTION FOR APPOINTMENT OF
COUNSEL, PURSUANT TO 18 U.S.C.
SECTION 3006A(a)(2)(B)

  Defendant, Phillip Muir, respectfully moves this Court on Motion pursuant to 18 U.S.C. § 3006A(a)(2)(B), to appoint counsel to assist him in presenting and presenting viable arguments for habeas relief in the instant proceeding. Mr. Muir had recently filed a Supplemental Brief, which the Court ordered the United States to respond to. Mr. Muir's initial § 2255 and Supplemental Brief were prepared by two separate inmates. However, Mr. Muir no longer has the assistance of both inmates, whom has been transferred.

  In addition, Mr. Muir believes he has available claim under Rehaif v. United States, 139 S Ct 2191 (2019), and he may can satisfy the "plain error" requirements under Rule 52(b) and Rule 15 "Relate Back" doctrine to raise his Rehaif claim now. Nevertheless, Mr. Muir lacked understanding of the law and its application to his issues at hand.

Recently, this Court entered an order for the Government to file its Response Pleading to Mr. Muir's Supplemental Pleading. To present date, Mr. Muir has not received a copy of the Government's Response. Mr. Muir is incapable of formatting an effective Reply to the Government's Response to his Supplemental pleading due to his ignorance of the law and its application to the issues in his habeas motion.

For example, the Second Circuit held in United States v. Balde, 943 F.3d 89-90 (2d Cir. 2019) "... the failure to charge the Rehaif element a 'jurisdictional error.'" Id. at 90-91; see also, United States v. Morales, 819 Fed. Appx 53 (2d Cir. 2020)(vacated § 922(g) conviction and remand in light of Rehaif); United States v. Black, 845 Fed. Appx 42 (2d Cir 2021) (same).

Mr. Muir is uncertain if he can raise a Rehaif "jurisdiction" claim at this juncture of his § 2255 proceeding in a Motion for Leave to amend, on the basis that:

(a) Muir's jury were never instructed on the Rehaif element

(b) Muir's jury did not unanimously found him guilty of all the elements of § 922(g) beyond a reasonable doubt; and

(c) the Second Circuit held "the failure to charge the Rehaif element a jurisdictional error."

Legal assistance is needed here to assist Mr. Muir in filing a Reply to the Government's Response to his

Supplemental Brief, and to file and preserve his Rehaif claim. Because this Motion for Appointment of Counsel is filed in good faith, and to get legal assistance for constitutional claims, this Court should grant the Motion. See, § 3006A (a)(2)(B).

For all the foregoing reasons, Phillip Muir respectfully request that the Court appoint Counsel to provide adequate representation for critical aspects of his § 2255 proceeding.

Submitted this 27 day of February, 2023

By *Phillip M. Muir*
Phillip Muir

---

This case was closed on March 6, 2023. Should Petitioner have any questions, he is advised to contact the SDNY Pro Se Office.

SO ORDERED:
Date: 3/13/2023

*Richard M. Berman*
Richard M. Berman, U.S.D.J.



Philip Muir
Reg. No. 71949-054
United States Penitentiary
P.O. Box 019001
Atwater, CA 95301

Legal Mail

USPS

SACRAMENTO CA 957
28 FEB 2023 PM 2 L

SDNY PRO SE OFFICE
2023 MAR -7 AM 9:51

Clerk of Court
United States District Court
Southern District of New York
500 Pearl Street
New York, N.Y. 10007

Pro Se
EN

RECEIVED
MAR 06 2023
CLERK'S OFFICE
S.D.N.Y.